Filed 10/14/20  P. v. Traver CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C090087 |
| Plaintiff and Respondent, | (Super. Ct. No. 18CM00075) |
| v. | |
| DONALD EUGENE TRAVER, | |
| Defendant and Appellant. | |

This appeal comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  Having reviewed the record as required by *Wende*, we affirm.

BACKGROUND

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 123-124.)  The People's second amended information alleged that defendant Donald Eugene Traver had committed one count of theft from an elder (Pen. Code., § 368, subd. (d)).[1]

---

[1]     Undesignated statutory references are to the Penal Code.

1

At trial, the People presented evidence that the victim, E.P., was then 73 years old. E.P. hired defendant to be her gardener following the death of her husband. They developed a friendship, and when E.P. became partially disabled while recovering from surgery, she relied upon defendant to buy groceries with her credit card, pick up her mail, and drive her places. E.P. never asked for receipts and did not know anything was wrong until police stopped her car one day, inquiring about the expired registration tags, which she knew she had paid for. When E.P. reviewed her bank account, she discovered numerous unauthorized charges, including fast food purchases, cash withdrawals, and a veterinary bill for approximately $300. E.P. reported the unauthorized use to the authorities, who instructed her to audit her accounts. Documents gathered by E.P. showed $27,210 in unauthorized activity between December 11, 2015, and October 11, 2017.

Authorities conducted a warrant search of defendant's home and discovered a veterinary bill that had been paid with E.P.'s credit card. Defendant returned as authorities were finishing the search, and he agreed to come to the station the next day to answer questions. Defendant told authorities that he had permission to use E.P.'s credit card and that he had paid for the veterinary bill himself. E.P. denied giving defendant permission to use her credit card for any veterinary expenses. E.P. obtained a new credit card and had no further problems.

At trial, defendant testified that he helped E.P. take care of her cat by purchasing litter with his own money and regularly cleaning out the litter box. He also asserted that the management company for the mobile home park asked him to help care for E.P.'s yard and added the cost of that maintenance to her rent. Defendant also would retrieve her prescriptions and pick up her cigarettes, which had to be purchased with cash. Defendant denied that E.P.'s credit card was used to pay the veterinarian or that he ever took money from E.P. without her permission.

2

In rebuttal, the People offered testimony of Nanette Dilbeck, who had previously testified to managing the mobile home park where both defendant and the victim lived. Dilbeck introduced defendant to E.P. as someone who could help her with her yard, but Dilbeck did not contract with or pay defendant for that work.

The jury found defendant not guilty of felony theft from an elder, but guilty of the lesser included offense of misdemeanor theft from an elder. The trial court suspended imposition of sentence and placed defendant on three years' formal misdemeanor probation with various terms and conditions. The court also ordered defendant to pay a $150 restitution fine (§ 1202.4, subd. (b)), a $150 suspended probation revocation restitution fine (§ 1202.44), a $40 court operations assessment (§ 1465.8), a $30 conviction assessment (Gov. Code, § 70373), and a $25 booking fee (Gov. Code, § 29550, subd. (c)). The court further ordered defendant to pay $164 per month for the cost of his supervision on probation (§ 1203.1b). Finally, the court issued a protective order in favor of the victim, E.P., for a period of 10 years.

Two days later, defendant filed a petition requesting termination of probation and imposition of sentence. On July 11, 2019, the court granted the petition, sentencing defendant to 180 days in county jail and reimposed the previous fines and fees with credit for any payments made. Defendant timely appealed.

                                        DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and asked this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant

Having undertaken an examination of the entire record pursuant to *Wende*, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.

      KRAUSE      , J.

We concur:

      ROBIE      , Acting P. J.

      MAURO      , J.